ISHAM G. PRINGLE, (by his next friend,) Appellant, v. H. J. HUNT and WIFE, Appellees.

1. PROBATE COURT: PRACTICE : DISTRIBUTION.—In a proceeding for a division of personalty belonging to a deceased person's estate, it is not necessary to make the co-heirs or co-legatees of the petitioners parties; but they are, if within the State, entitled to notice of the time and place of making the division.  Hutch. Code, 670, § 112, and 673, art. 2, § 2.
2. SAME.—An administrator or executor, after final settlement, is not a necessary party to a proceeding on the part of the heirs or legatees, or any of them, to procure a division of slaves remaining in his hands for distribution.

APPEAL from the Probate Court of Lauderdale county.   Hon. J. B. Hancock, judge.

Hunt and wife, the appellees, filed their petition *ex parte*, in the Probate Court of Lauderdale county, asking for the appointment of commissioners to divide certain slaves remaining in the hands of the administrator, *de bonis*, after final settlement, equally between Mrs. Hunt and the appellant, as legatees under the will of their father, James G. Pringle, deceased.  By the terms of the will, the slaves were to be equally divided between Mrs. Hunt and appellant, and a brother of theirs, who had died since the demise of his father, without issue, and unmarried.   The Probate Court appointed three commissioners to make the division, and directed them to give five days notice of the time and place of their meeting to make distribution, both to the general guardian and guardian *ad litem*, of the appellant.   The commissioners gave the requisite notice, and made a division of the slaves into two shares, and allotted one share to Mrs. Hunt and the other to the appellant. Upon the return of the report of the commissioners the appellant appeared and objected to its confirmation, for the reasons stated in the opinion of the court.   The Probate Court overruled the objections and confirmed the report, and Pringle appealed.

. *D. C. Glenn*, for appellant,

Contended that the proceedings in the court below were irregular and illegal, for want of the proper parties and notice.

*Sharkey* and *Withers*, for appellee.

The statute does not require any notice to be given, either to the co-distributees or to the administrator, of the application to appoint commissioners. It provides for notice to such of the heirs and legatees as are within the State, of time and place of making the division. This has been done in this case, and the decree ought to be affirmed. Hutch. Code, 670, § 112; and 673, art. 2, § 2.

FISHER, J., delivered the opinion of the court.

The appellant, and the appellee Mrs. Hunt, are the only distributees of the estate of James C. Pringle, deceased. The administrator, *de bonis non*, having made a final settlement of the estate, Hunt and wife petitioned the Probate Court to appoint commissioners for the division of the slaves of the testator, between the appellant and Mrs. Hunt. The commissioners having been appointed, and the appellant notified, by notice to both his guardian and guardian *ad litem*, of the time and place of the meeting of the commissioners, they proceeded to make the division according to the order of the court. Upon the coming in of the report, the appellant appeared and objected to its confirmation :—

1. Because appellant was not a party to the petition. The statute settles this point: Hutch. Code, 670, 671, § 112 ; Ib. 673, Art. 2, § 2. The proviso to section 112 is as follows: "That the devisees or heirs, or the guardian of such as are under age, within this State, and not applying for such division, shall have such notice of the time and place of the meeting of said freeholders, &c., as the court shall direct." The law is the same in regard to the division of personal estate, (Ib. 673, § 2,) above quoted. This objection was, therefore, correctly overruled.

2. The will required the property be to divided into three shares, &c. One of the children having died, the appellant and Mrs. Hunt took the whole estate. This, if an error, is one to the appellant's advantage; and we are bound to presume one of two things in regard to it—that the person making it, as the guardian of the appellant, is either not sincere in urging the objection, or that he is not over cautious in protecting his ward's interest.

3. That said division is unequal and unjust. This is a question

of fact; and the record discloses nothing upon which we can base our judgment.

4. That the administrator was not a party, and had no notice, &c. He had nothing to do with the division, but is only required to deliver the property in severalty to each legatee, upon the confirmation of the commissioners' report.

5. No citation was issued, &c. This is embraced in the first objection.

Decree affirmed.